# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN MARTINEZ, | : | |
| Plaintiff | : | |
| | : | **CIVIL NO. 3:CV-12-1547** |
| v. | : | |
| | : | **(Judge Caputo)** |
| SGT. B JONES, *et al.*, | : | |
| Defendants | : | |

# M E M O R A N D U M

## I.  Introduction

This matter comes before the Court on the application of *pro se* Plaintiff Juan Martinez for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. 15, Mot. Appt. of Counsel.) After carefully considering Mr. Martinez's request, the motion will be denied without prejudice.

## II.  Background

This matter involves events that transpired while Mr. Martinez was incarcerated at SCI-Camp Hill, in Camp Hill, Pennsylvania. (Doc. 1, Compl.) Mr. Martinez, however, commenced this action after his release from prison and paid the full filing fee in this matter. (Doc. 1-1, Receipt.) Following Mr. Martinez's service of a summons and a Complaint on the named defendants, the Commonwealth defendants filed a motion to dismiss (Doc. 10).[1]

---

[1] This motion is ripe for disposition and will be addressed under separate cover at the convenience of the court.

Mr. Martinez alleges that he was assaulted by several Pennsylvania Department of Corrections (DOC) employees on March 28, 2010, while at SCI-Camp Hill. (Doc. 1, Compl.) He alleges other prison officials witnessed the assault but failed to intervene. (*Id.*) Following the assault, Mr. Martinez claims he was denied personal property, food, and an impartial misconduct hearing which resulted in his placement in a restricted housing unit. (*Id.*) Finally, Mr. Martinez names additional prison officials who were charged with investigating the events of March 28, 2010, and alleged they have covered up the true facts of the event.

### III. Discussion

There is neither a constitutional nor statutory right to counsel for civil litigants. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(Noting that appointment of counsel pursuant to § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993).

In *Tabron*, the United States Court of Appeals outlined the standards to be considered by district courts when reviewing an application to appoint counsel

pursuant to 28 U.S.C. § 1915(e)(1). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Tabron*, 6 F.3d at 156-57. Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

>  1. the plaintiff's ability to present his or her own case;
>  2. the difficulty of the particular legal issues;
>  3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>  4. the extent to which a case is likely to turn on credibility determinations;
>  5. whether the case will require testimony from expert witnesses;
>  6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). After examining the above factors, the Court will deny Mr. Martinez's present motion for counsel without prejudice.

This case is in its procedural infancy. Pending before the Court is Defendants' challenge to the legal basis of the Complaint. Until Defendants' motion to dismiss is resolved, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. Moreover, Mr. Martinez did not seek appointment of counsel until after filing his opposition to defendants' motion to dismiss. Mr. Martinez's Complaint, and other correspondence to the court, have been clearly worded and present logical concise arguments, complete with legal citations.

-3-

To the extent that Mr. Martinez's request for counsel is based on the fact of his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Critical to this discussion is the fact that Mr. Martinez is not proceeding *in forma pauperis* in this matter, nor has he requested to do so. Mr. Martinez paid the filing fee in this matter. Mr. Martinez would have to do more than simply assert that he can not afford legal counsel because he does not have a job or a steady source of income prior to the Court finding he is indigent pursuant to 28 U.S.C. § 1915(e)(1).

As for Mr. Martinez's assertion that his mental health issues prevent him from presenting his case, as noted above, Mr. Martinez's filings to date have been commendable given his *pro se* status. His arguments are clear and supported by legal authority. He offers no evidence to suggest that his mental health problems are impacting his ability to represent himself at this point. To the extent that he claims that he is unable to conduct the necessary factual investigations to present his case because his former inmate status prevents him from traveling to various institutions to talk to the defendants, staff or inmates, the Court is not persuaded. Mr. Martinez need not travel to SCI-Camp Hill to conduct discovery in this matter. Mr. Martinez does not suggest that defendants are unwilling to engage in discovery, or that he is unable to conduct third party discovery utilizing forms of inquiry other than depositions or face-to-face conversations to obtain information desired.

Accordingly, Mr. Martinez has not demonstrated that he will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own at this point. However, Plaintiff after obtaining *in forma pauperis* standing, may file another motion for appointment of counsel if circumstances change.

An appropriate Order follows.

                                        /s/ A. Richard Caputo
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**

**Date: January 13 , 2014**