**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUAN MARTINEZ,** : | |
| : | |
|    **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-12-1547** |
|    **v.** : | |
| : | **(Judge Caputo)** |
| **SGT. B JONES,** *et al.*, : | |
| : | |
|    **Defendants** : | |

**M E M O R A N D U M**

## I.   Introduction

Juan Martinez, a former state inmate previously housed at the Camp Hill State Correctional Institution (SCI-Camp Hill), in Camp Hill, Pennsylvania, filed this civil rights action on August 6, 2012.  (Doc. 1, Compl.)  Named as defendants are twenty-seven (27) employees of the Pennsylvania Department of Corrections (DOC) and Joshua Yohe, an Assistant District Attorney of Cumberland County Pennsylvania.  Presently pending is the DOC defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b).  (Doc. 10.)  For the reasons the follow, the DOC defendants' motion to dismiss will be granted in part and denied in part.

## II.     Allegations of the Complaint

On March 28, 2010, following a verbal exchange, Sgt. Jones followed Mr. Martinez to his cell. (Doc. 1, Compl., ECF pp. 63-64, ¶37.) After Sgt. Jones ordered Mr. Martinez's cellmate out of the cell, he started to bait Mr. Martinez into a physical altercation. (*Id*.) When Mr. Martinez refused to fight Sgt. Jones, he was ordered to wait outside the cell while Sgt. Jones searched it. (*Id*.) During the course of the cell search some of Mr. Martinez's property was destroyed. (*Id*.)

While waiting outside his cell, Mr. Martinez conversed with other inmates. Mr. Martinez said that "Sgt. Jones is crazy, he came up here to fight me, this niggas out of pocket." (*Id*. ¶ 38.) Hearing this, Sgt. Jones grabbed Mr. Martinez by the neck and dragged him back into the cell while punching him. (*Id*.) Only intending to defend himself, Mr. Martinez struck Sgt. Jones twice. Sgt. Jones fell to one knee. (*Id*.) Mr. Martinez immediately stepped away from Sgt. Jones and asked him if he was "O.K.". (*Id*.) At that moment, CO Cooksey entered the cell. (*Id*.) Sgt. Jones said "fuck him up." CO Cooksey tackled Mr. Martinez who was then placed in restraints. He was handcuffed behind his back. (*Id*.) Sgt. Jones then commenced to kick and punch Mr. Martinez in the face. (*Id*.) CO Ayers, CO Arbogast and CO Simpson entered the cell and joined in the assault of Mr. Martinez. (*Id*.)

Sgt. Jones, CO Arbogast, CO Simpson, CO Ayers, CO Francoise, Unit Manager Chambers and CO Long are alleged to have issued Mr. Martinez a fabricated misconduct for the March 28, 2010 event claiming he assaulted Sgt. Jones. They also cleaned up the blood in his cell before photographing the area.

-2-

Prior to photographing Mr. Martinez's face, they placed a clear bag over his head to distort his facial injuries. (*Id*. ¶ 40.) As a result of the assault, Mr. Martinez suffered severe injuries to his face and both eyes as well as severe pain. (*Id*. ¶ 41.)

Later that day, Sgt. Snook and CO Simpson refused to provide Mr. Martinez with his "supper" tray. (*Id*. ¶ 42.) CO Francoise also destroyed some of his property. (*Id*. ¶ 43.) The following day, CO Oister refused to give Mr. Martinez a breakfast tray. (*Id*. ¶ 44.)

On March 30, 2010, Mr. Martinez went before Hearing Examiner K. P. Reisinger and plead not guilty to the assault misconduct. (*Id*. ¶ 45.) He explained his actions were in self defense. (*Id*.) Mr. Martinez claims the Hearing Examiner was not impartial because she told him that "if it was me I would have rung your little neck." (*Id*.) Ms. Reisinger also refused Mr. Martinez's request to review the B-Block surveillance camera footage in connection with this incident. (*Id*.)

Mr. Martinez appealed the Ms. Reisinger's guilty findings to the Program Review Committee (PRC). (*Id*. ¶ 46.) His appeal was denied by the PRC without any investigation. (*Id*.)

Mr. Martinez claims Superintendent Murray, Secretary Jeffrey Beard, Lt. Reading, Shirley Moore-Smeal, Dorina Varner, James Barnacle, and several John and Jane Does, had prior knowledge of the defendants' assaultive behavior and their efforts of falsifying assault misconducts against other inmates in effort to cover up their own malfeasance. (*Id*. ¶ 47.) The Chief Hearing Examiner failed to conduct an investigation into Mr. Martinez's claims that he was issued a false misconduct or

that the Hearing Examiner was biased.

Mr. Martinez also names Cumberland County of Pennsylvania Assistant District Attorney Joshua Yohe as a defendant. He asserts that ADA Yohe conspired with the DOC defendants to cover up the events of March 28, 2010 because he refused to file criminal charges against them as requested by Mr. Martinez. (*Id*. ¶ 49.) Finally, Mr. Martinez avers the DOC defendants violated several state criminal statutes ranging from assault to theft.

On February 21, 2013, the Commonwealth Defendants filed a motion to dismiss the Complaint as time barred. (Doc. 10.) Mr. Martinez filed his opposition brief on July 8, 2013. (Doc. 14.) The motion to dismiss is now fully briefed and ripe for disposition.

### III.     Standard of Review

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2)(B) gives the court the authority, at any time, to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 22, 223 (3d Cir. 2000).

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a), and detailed factual allegations are not required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint must allege sufficient facts, if accepted as true, state "a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. at 1974. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Id*., at 678, 129 S.Ct. at 1949. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly,* 550 U.S. at 555, 127 U.S. at 1965. Likewise, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal,* 556 U.S. at 676-77, 129 S.Ct. at 1948-49. The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. *Id*. at 678, 129 S.Ct. at 1949.

The court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.* at 678, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965); *see also PA Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show " 'that the pleader is entitled to relief' " as required by Fed. R. Civ. P. (8)(a). *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a district court's "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If a party opposing a motion to dismiss does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mala v. Crow Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Pro se complaints are to be liberally construed. *Higgs v. Attorney General of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). Additionally, they are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.

*See DelRio-Mocci v. Connonlly Prop., Inc.*, 672 F.3d 241, 251 (3d Cir. 2012). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.   Discussion

#### A.   Statute of Limitations

The DOC defendants argue that all of Mr. Martinez's claims should be dismissed because they are barred by the applicable statute of limitations. (Doc. 11.)

Generally, a "[statute of] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion." *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). "However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* at 135; *see also Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978). Thus, defendants may only prevail on the statute of limitations at the motion to dismiss stage if, and only if, it is apparent from the face of the complaint that the cause of action is barred. *Robinson*, 313 F.3d at 135 (citation omitted).

The statute of limitations for a § 1983 claim is the particular state's statute of limitations for personal injury actions. See *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007). In Pennsylvania, the statute of limitations applicable to Mr. Martinez's claims is two years. See *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 PA. CONS. STAT. § 5524. A § 1983 claim accrues "when the plaintiff has a complete and present cause of action, [citation omitted], that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388, 127 S.Ct. at 1095 (internal quotations and citations omitted). "Because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act, the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts." *Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 (3d Cir. 2011) (nonprecedential); *see also Thompson v. Pitkins*, 514 F. App'x 88, 90 (3d Cir. 2013) (nonprecedential) (same).

Mr. Martinez's Complaint was filed on August 8, 2013. The events giving rise to this Complaint primarily occurred on March 28, 2010, when Mr. Martinez was allegedly assaulted by several of the defendants while others looked. (Doc. 1, Compl.) Mr. Martinez also claims he was denied food on two occasions following the assault, and that his personal property was destroyed by defendants. (*Id*.) Defendants assert that Mr. Martinez should have filed his Complaint no later than March 28, 2012, the final date on which they assert Mr. Martinez's constitutional rights were allegedly violated. (Doc. 11, Defs.' Mot. to Dismiss Br.)

A review of the Complaint reveals that Mr. Martinez claims to have exhausted his available administrative remedies, at least with respect to his assault claim.  The allegations of the Complaint do not suggest the time it took for Mr. Martinez to exhaust his administrative remedies.  Thus, at this stage of the proceedings, the Court cannot resolve the statute of limitations issue, as the tolling effect any administrative remedy process properly pursued may have had on the limitations period is unknown.  Given the absence of this crucial information, the Court cannot definitively hold that based on the face of the Complaint the action was untimely filed.  *See Paluch*, *supra*; *Thompson, supra.*   Accordingly, Defendants' motion to dismiss cannot be granted on this basis.  *See Bethel,* supra; *Robinson, supra.*

### B.   Alleged Violations of the Pennsylvania Constitution and Pennsylvania Crimes Code

Aside from charging defendants for violating his Eighth Amendment rights, Mr. Martinez also advances state law claims for assault and battery as well as other violations of the Pennsylvania Crimes Code[1] against the DOC defendants. (Doc. 1, ECF p. 69.)

Because Mr. Martinez cannot recover civil damages for alleged violations of these criminal statutes, these claims are not properly before the Court and are not subject to this Court's supplemental jurisdiction.  *See Barrett v. City of Allentown, 152 F.R.D. 50, 55-56 (E.D. Pa. 1993)*("Unless there is a clear congressional intent to

---

[1] Title 18 of Pennsylvania's Consolidated Statutes is known as the "Crimes Code," which sets forth conduct that is deemed criminal and provides for criminal penalties for their violation.  18 PA. CONS. STAT. § 101, *et seq*.

provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.") Thus, these claims will be dismissed.

With respect to Mr. Martinez's state law claims of assault and battery, Defendants argue that the doctrine of sovereign immunity bars them.

The law provides that Commonwealth employees, such as DOC employees, enjoy immunity from most state law claims. "Pursuant to section 11 of Article I of the Constitution of Pennsylvania, ... the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 PA. CONS. STAT. § 2310. The Pennsylvania General Assembly has provided nine specific exceptions to the general grant of immunity: (1) the operation of a motor vehicle in the control or possession of a Commonwealth party; (2) health care employees; (3) care, custody or control of personal property; (4) Commonwealth-owned property; (5) potholes or other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 PA. CONS. STAT. § 8522.

Although the Commonwealth Defendants are correct that the assault and battery law claims asserted by Mr. Martinez are not included in the categories for which sovereign immunity have been waived, the DOC employees are only entitled to immunity to the extent that they acted within the scope of their employment. *See* 1 PA. CONS. STAT. § 2310. In Pennsylvania, " 'conduct is within the scope of employment if, but only if: (a) it is the kind [the employee] is employed to perform;

(b) it occurs substantially within the authorized time and space limits [and] (c) it is actuated, at least in part, by a purpose to serve the master....' " *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000) (quoting Restatement (Second) Agency § 228). "Under Pennsylvania law, even unauthorized actions taken by an employee can fall within the scope of his or her employment if they are 'clearly incidental' to his or her employer's objectives." *Brumfield*, 232 F.3d at 381.

Taking the allegations of the pleading as true," 'an assault committed by an employee upon another for personal reasons or in an outrageous manner [which] is not actuated by an intent to perform the business of the employer ... is not within the scope of employment.' " *Strothers v. Nassan*, No. 08-1624, 2009 WL 976604, at *10 (W.D.Pa. Apr.9, 2009) (quoting *R.A. v. First Church of Christ*, 748 A.2d 692, 700 (Pa.Super.Ct. 2000)). Thus, " 'the question of whether an individual has acted within the scope of his or her employment is ordinarily a question of fact for the jury to decide.' " *Id*. (citing *Orr v. William J. Burns Int'l Detective Agency*, 337 Pa. 587, 12 A.2d 25, 27 (Pa.1940)). Accordingly, the allegations of the Complaint are all indicative of personal motivation to injure Mr. Martinez, and not of a desire of the Defendants to perform or further the business of their employer. As such, the Defendants are not entitled to sovereign immunity based on the pleadings.[2] Thus, Mr. Martinez will be permitted to proceed on his state law claims against the DOC Defendants at this time.

---

[2] However, if discovery reveals that the DOC Defendants acted pursuant to their employment responsibilities, they remain free to assert sovereign immunity at a later stage in this proceeding. *See*, e.g., *Strothers*, 2009 WL 976604, at *10.

**C. Mr. Martinez Cannot Recover Monetary Damages from Defendants in their Official Capacities**

Defendants contend that they are entitled to Eleventh Amendment immunity from Mr. Martinez's claims for monetary damages against them in their official capacities.

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. See *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 687-88, 121 L.Ed.2d 605 (1993); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194 (3d Cir. 2008). Suits against state officials in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. See *Hafer v. Melo*, 502 U.S. 21, 25-27, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Furthermore, as the Pennsylvania Department of Corrections is an executive department of the Commonwealth of Pennsylvania, see 71 PA. CONS. STAT. § 61, it shares in the Commonwealth's Eleventh Amendment immunity. *Lavia v. Pennsylvania, Dept. Of Corr.,* 224 F.3d 190, 195 (3d Cir. 2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment to be sued in federal court. See 42 PA. CONS. STAT. § 8521(b); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

Here, Mr. Martinez has sued each defendant in his individual and official capacities. Accordingly, his claims for monetary damages against Defendants in their official capacities will be dismissed.

### D. Claims Against ADA Yohe

The Court will exercise its authority under 28 U.S.C. § 1915(e)(2)(B)(iii) and *sua sponte* dismiss ADA Yohe from the case as he is entitled to prosecutorial immunity.

Mr. Martinez seeks to impose liability on ADA Yohe for failing to prosecute his criminal complaint. (Doc. 1, ECF p. 68.) However, any action against ADA Yohe is barred by the doctrine of absolute prosecutorial immunity. A District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's request for monetary damages if they are based on the District Attorney's performance of his or her official duties in prosecuting a person. See *Stankowski v. Farley*, 487 F.Supp.2d 543 (M.D.Pa. 2007); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Radocesky v. Munley*, 247 F. App'x. 363, 365 (3d Cir. 2007) ("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages.")

Accordingly, any damage claims against ADA Yohe, for his decision not to prosecute any of the DOC defendants at Mr. Martinez's behest, is precluded by the doctrine of absolute prosecutorial immunity and will be dismissed without leave to amend.

**IV.     Conclusion**

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 10) the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) will be granted in part and denied in part.  Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claims against ADA Yohe are dismissed with prejudice.

An appropriate Order follows.

        /s/ A. Richard Caputo  
**A. RICHARD CAPUTO**  
**United States District Judge**

**Date: March 24, 2014**