# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUAN MARTINEZ,

    Plaintiff,

    v.

SGT. B. JONES, et al.,

    Defendants.

NO. 3:12-CV-1547

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before me is the Report and Recommendation ("R&R") of Magistrate Judge Carlson, (Doc. 51), to Defendants' motion for summary judgment. (Docs. 33, 34, 35, 36). Magistrate Judge Carlson recommends that summary judgment be denied as to Plaintiff's Eighth Amendment claims of excessive force, and granted as to Plaintiff's: (1) First Amendment claim alleging that prison officials retaliated against Plaintiff for exercising protected constitutional rights following a physical altercation with prison staff; (2) Procedural Due Process and First Amendment claims related to the disciplinary proceedings that were instituted after the altercation; (3) Procedural Due Process claim alleging unconstitutional deprivation and destruction of property; and (4) Eighth Amendment claim alleging *respondeat superior* liability for failure to properly supervise correctional officers. (Doc 1, Compl., ¶¶ 37-55).

I will adopt Magistrate Judge Carlson's recommendation in its entirety. Plaintiff objected only to Magistrate Judge Carlson's recommendation to dismiss claim (1). As to that claim, because Plaintiff did not engage in a constitutionally-protected conduct, I will adopt Magistrate Judge Carlson's recommendation to grant Defendants' summary judgment and will dismiss the claim with prejudice. Because Plaintiff did not contest Magistrate Judge

Carlson's recommendation to dismiss Plaintiff's claims (2), (3), and (4), I will adopt that recommendation and will dismiss those claims with prejudice. Because neither Plaintiff nor Defendants contest Magistrate Judge Carlson's recommendation to deny summary judgment as to Plaintiff's Eighth Amendment excessive force claim, I will adopt that recommendation and will deny summary judgment on this issue.

In sum, Defendants' motion for summary judgment will be granted as to all claims except for Plaintiff's claims of excessive force.

## I. Background

Plaintiff Juan Martinez ("Plaintiff") is a former inmate at the Pennsylvania State Correctional Institution in Camp Hill ("SCI Camp Hill"), located in Cumberland County, Pennsylvania. (Doc. 1, Compl. ¶ 2.).

On August 8, 2012, Plaintiff commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging several instances of constitutional violations against correctional officers and their supervisors, including excessive force, retaliation, cruel and unusual punishment, and due process violations. (Doc. 1).

The action centers around a violent confrontation between Plaintiff and correctional officers at SCI Camp Hill on March 28, 2010. Plaintiff alleges that, on his way to the yard, he was involved in a verbal exchange with Sergeant Jones. (Doc. 1, Compl. ¶ 37). Jones then ordered Plaintiff to return to his cell and followed him inside. *Id.* The parties dispute who engaged whom, but there is no dispute that a physical altercation between the two men ensued, and that Plaintiff's cell mate was not present. *Id*. Once the altercation was underway, Defendants Cooksey and Ayers entered the cell to intervene. (*Id*. ¶ 38; Def.

Statement of Facts ¶ 7). There is no dispute that both Plaintiff and Defendant Jones suffered physical injuries from the incident. (Def. Statement of Undisputed Facts ¶¶ 4-5).

In his complaint, Plaintiff alleges that the physical altercation stemmed from an unprovoked assault by Jones, and that the officers who witnessed it purposefully failed to intervene. (Doc. 1, Compl. ¶¶ 37-38). Plaintiff claims that he suffered significant injuries as a result of the incident, including lacerations to his face and extensive swelling and bruising. (Pl. Statement of Facts ¶¶ 12). Plaintiff also alleges that he was then the subject of a coordinated retaliation by correctional officials and was falsely charged with and found guilty of assault. (Def. Statement of Facts ¶ 6). Specifically, Plaintiff claims that after the incident, Defendants Snooks and Simpson denied him a meal, and that Defendant Francis destroyed some of Plaintiff's property. (*Id.* ¶¶ 13-14). Finally, Plaintiff alleges that the hearing officer who oversaw his prison disciplinary proceedings following the incident violated his right to due process, and that prison officials should be held liable because they were aware of the correctional officers' propensity to engage in unconstitutional conduct and did nothing to intervene. (Doc. 47-2, Pl. Decl. ¶ 12).

On December 11, 2015, Magistrate Judge Carlson issued an R&R recommending that Defendants' motion for summary judgment be granted as to all claims except for Plaintiff's claim of excessive force. (Doc. 51).

On December 28, 2015, Plaintiff filed his objections to the R&R. (Docs. 52, 53). Defendants did not file a response. The matter is now ripe for disposition.

## II. Legal Standard

**A.     Review of a Magistrate Judge's Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C.A. § 636(b)(1)(c)), provided the objections are both timely and specific. *See Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C.A. § 636(b)(1); *Owens v. Beard*, 829 F.Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

**B.     Summary Judgment**

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Carrasca v. Pomeroy*, 313 F.3d 828, 832-33 (3d Cir. 2002).

A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although entitled to the benefit of all justifiable inferences from the evidence, *id.* at 255, the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth "specific facts showing that there is a genuine issue for trial," else summary judgment, "if appropriate," will be entered. Fed. R. Civ. P. 56(e). This is so because, "[i]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

As such, a moving party is obligated to meet "the burden of supporting [its] motion[] 'with credible evidence . . . that would entitle [that party] to a directed verdict if not controverted at trial.'" *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex*, 477 U.S. at 331); *see also United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) ("[T]he moving party . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party") (emphasis removed, internal citations omitted). Once the moving party has satisfied its burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *See Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). Hence, the party opposing the motion for summary judgment cannot rest merely on its allegations and must present actual evidence that creates a

genuine issue as to a material fact for trial. *See Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

## III. Discussion

**A.   First Amendment Retaliation Claim**

Plaintiff claims that, following a physical altercation with prison staff, correctional officers and officials retaliated against him for exercising his protected constitutional rights in violation of the First Amendment. (Doc 1., Compl., ¶¶ 45, 53). He claims that the retaliation came in the form of fabricated misconduct filings, destroyed personal property, and meal deprivation. (*Id*. ¶ 40). According to Plaintiff, prison staff retaliated against him because he defended himself against what he perceived to be an assault by Sergeant Jones. In other words, Plaintiff claims that correctional officials retaliated against him because he engaged in a constitutionally protected right to self-defense.

Magistrate Judge Carlson found that Plaintiff's retaliation claim fails because it is predicated on Plaintiff's misguided assertion that his alleged self-defense is entitled to constitutional protection. (Doc. 51, at 13). In his objections to the R&R, Plaintiff repeats his allegations that "he was defending himself from the illegal act by defendant Jones," and asserts that he "has a constitutional right to self-defense pursuant to [Pennsylvania] constitution Article 1 section 1." (Doc. 52, at 2). Plaintiff also cites to a Pennsylvania

Supreme Court case.

In the Third Circuit, to prevail on a retaliation claim, a plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

*Rauser*'s first prong, which concerns a constitutionally-protected activity, is dispositive here. Plaintiff believes that the United States Constitution guarantees him a right to self-defense, which was burdened by Defendants' retaliatory conduct. Careful examination of the United States Supreme Court and Third Circuit precedents reveals that presently there is no federal constitutional right to self-defense. Defendant does not cite to any authority for the proposition that there is one. He does invoke the Constitution of the Commonwealth of Pennsylvania and a Pennsylvania Supreme Court precedent, but, to the extent that they guarantee prisoners a right to self-defense, if at all, they do not create or recognize it as a federal constitutional right. Plaintiff envisions a right to self-defense guaranteed by the federal constitution that has so far only been proposed by scholars. *See, e.g.*, Anders Kaye, *Dangerous Places: The Right to Self-Defense in Prison and Prison Conditions Jurisprudence*, 63 U. Chi. L. Rev. 693 (1996). In sum, there currently is no legal support for the proposition that self-defense is entitled to constitutional protection for purposes of a First Amendment retaliation claim.

Thus, because Plaintiff is unable to show that he engaged in a conduct that warrants

constitutional protection, he has not raised a genuine issue of material fact as to *Rauser*'s first element. 241 F.3d at 333. Summary judgment in favor of Defendants is appropriate as to this claim, which will be dismissed with prejudice.

**B.      Plaintiff's Other Constitutional Claims**

In his complaint, Plaintiff alleges several other instances of constitutional violations by correctional officers and their supervisors, including Due Process and First Amendment claims related to the disciplinary proceedings that were instituted after the incident, a Due Process claim alleging unconstitutional deprivation and destruction of property, an Eighth Amendment claim alleging supervisory liability for failure to supervise correctional officers, and an Eighth Amendment excessive force claim. (Doc 1, Compl., ¶¶ 37-55). Because neither Plaintiff nor Defendant contest Magistrate Judge Carlson's recommendations as to those claims, having carefully reviewed the record, I will adopt the R&R in its entirety.

A court makes a *de novo* determination only of those portions of the proposed recommendations to which objections are made. *Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir. 1987). Indeed, it has been recognized in this Circuit that "a party's failure to object to a magistrate judge's report and recommendation on a dispositive matter results in a loss of that party's right to *de novo* review of specific proposed findings." *United Steelworkers of Am. v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006 (3d Cir.1987). However, "in the absence of objections . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson*, 812 F.2d 878. The extent of review is within the discretion of the district court. *Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466 (1985); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). The 1983 Advisory Committee Notes

to Rule 72(b) of the Federal Rules of Civil Procedure, which implements the statutory provisions pertaining to magistrate judges' reports and recommendations on dispositive motions set forth in 28 U.S.C. § 636(b)(1)(C), explain that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." At the very least, therefore, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

Plaintiff objected only to Magistrate Judge Carlson's recommendation to dismiss Plaintiff's First Amendment retaliation claim, which I reviewed *de novo*. Because, however, neither Plaintiff nor Defendants filed objections to the remaining portions of the R&R, I review those portions of the R&R for plain error or manifest injustice and find none. I will therefore adopt the Magistrate Judge Carlson's recommendation in its entirety.

The dispositive issue in this case concerns the claims of excessive force allegedly used during the altercation. The keystone to analysis of an Eighth Amendment excessive force claim entails issues of motivation - whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The issue of whether excessive force was used is one which, in proper circumstances, can be determined as a matter of law. In such cases, summary judgment is appropriate when "it appears that the evidence, viewed in the light most favorable to the plaintiff, will [not] support a reliable inference of wantonness in the infliction of pain." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 322, 106 S. Ct. 1078, 1085 (1986). That is not the case here.

Magistrate Judge Carlson correctly observed that the record as it currently stands presents starkly competing factual narratives regarding what happened in Plaintiff's cell, and what happened prior to the conclusion of the altercation. (*See, e.g.*, Doc. 47-2, Martinez Decl. ¶ 4, Rodriguez Aff., Doc. Saunders Aff., Def. Statement of Facts). Plaintiff's claims do not simply "rest on mere allegations or denials of his pleading." *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (quoting Fed. R. Civ. P. 56(e)). Rather, through the submission of affidavits and declarations which dispute Defendants' characterization of the incident, Plaintiff has "set forth specific facts showing that there is a genuine issue for trial." *Id.* Such matters should be resolved by a fact finder at trial, and not at summary judgment. *Anderson* 477 U.S. at 249 ("[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter."). Accordingly, I will deny Defendants' motion for summary judgment as to Plaintiff's claim of excessive force.

## IV. Conclusion

For the above stated reasons, I will adopt the Report and Recommendation (Doc. 51) in its entirety.

An appropriate order follows.

| | |
|---|---|
| September 7, 2016 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |